IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER BEHANNA and DEBBIE BAXTER BEHANNA, | ) ) ) | Civil Action No. 20 – 444 |
| Plaintiffs, | ) ) ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| COMMONWEALTH OF PENNSYLVANIA and DOES 1-100, | ) ) | |
| Defendants. | | |

| | | |
|---|---|---|
| WALTER BEHANNA, LINDA ROSS and DEBBIE BEHANNA, | ) ) ) | Civil Action No. 20 – 609 |
| Plaintiffs, | ) ) ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| WASHINGTON COUNTY PROBATION, HEATHER TESTA, LESLIE RIDGE, DOES 1-10, | ) ) ) | |
| Defendants. | | |

**MEMORANDUM**

On April 1, 2020, the Clerk of Court received from Plaintiff a Complaint that was dated February 16, 2020 and submitted for filing in an envelope that was postmarked March 28, 2020. Upon receipt of the Complaint, the Clerk of Court opened a civil action at 20-444. On April 28, 2020, Plaintiff paid the full $400.00 filing fee for that case and the Clerk of Court docketed the Complaint.

1

On April 27, 2020, the Clerk of Court received from Plaintiff a Motion for Leave to Proceed *in forma pauperis* that was dated March 31, 2020 and another Complaint that was dated April 6, 2020.  Upon receipt, the Clerk of Court opened another civil action at 20-609.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* was granted and his Complaint was docketed on April 29, 2020.  In correspondence dated May 14, 2020, Plaintiff requested to know the status of his case and specifically whether the defendants had yet been served.  He also requested the Clerk to mail him a copy of his Complaint.[1]

Upon review of the Complaints filed at both 20-444 and 20-609, it appears that Plaintiff may not have intended to bring two separate actions.  Instead, it is likely that Plaintiff meant his Complaint filed in 20-609 to be an amended complaint to that filed in 20-444 as both Complaints contain similar allegations.  For this reason, Plaintiff will be ordered to notify the Court as to whether his Complaint in 20-609 should be transferred to 20-444 and filed as an amended complaint in that case.

However, even if Plaintiff intended his Complaint at 20-609 to be an amended complaint in 20-444, the amended complaint is deficient in several regards.  For example, Plaintiff states that he is bringing this action on behalf of Linda Ross, his sister, and Debbie Behanna, his wife.  However, neither Linda Ross nor Debbie Behanna signed the Complaint, and, as a non-lawyer, Plaintiff may not represent another person.  *See* Murray on behalf of Purnell v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."); *see also* Osei-

---

[1] It is also noted that Plaintiff filed two habeas cases in March and April of 2020.  Those cases are pending before the Honorable Cynthia Reed Eddy at 20-309 and 20-610.  They are not the subject of this Memorandum.  Plaintiff, however, is instructed to take care when sending documents to the Court.  Specifically, he should make sure to include the correct case number on each document he mails in order to ensure that it gets filed in the correct case.

Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause.")  Furthermore, Plaintiff lacks standing to sue for the alleged violations of his sister and wife.  See Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.")  Indeed, it is a well-established principle that plaintiffs in federal court are barred from asserting the constitutional and statutory rights of others in an effort to obtain relief for injury to themselves.  See id.  A federal court's jurisdiction "can only [be] invoked when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'"  Id. (citing Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973)).  The reasons behind this principle are: (1) courts should not adjudicate third party rights unnecessarily because the holder of these rights might not want to assert them; and (2) third parties usually are the best proponents of their own rights.  Kane v. Johns–Manville Corp., 843 F.2d 636, 643 (2d Cir.1988) (citing Singleton v. Wulff, 428 U.S. 106, 113–114 (1976)).  For this reason, if Plaintiff desires to proceed with this action, then he will be required to file yet another amended complaint that does not include Plaintiffs Linda Ross and Debbie Behanna or assert claims based on alleged violations of their rights.

      The Court also notes that Plaintiff's presumptive amended complaint is deficient in that it does not comply with the Federal Rules of Civil Procedure, specifically Rule 8.  As such, in drafting his next amended complaint, Plaintiff should take care to comply with those Rules and with the following instructions.

### Instructions for Filing an Amended Complaint

**A.**     **Caption and Heading**

The caption should include the name of the court, the parties, their capacities (i.e., whether they are being sued in their individual or representative (official) capacity), and the title of the pleading (i.e., **Second Amended Complaint**). To do this, Plaintiff must place his full name at the top left of the amended complaint and also add the names of each defendant. Plaintiff must name as defendants **only** those persons who are responsible for the alleged constitutional violation(s).[2]

**B.     Parties**

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for **each** defendant named in the amended complaint, Plaintiff should list their current address and description of their employment. In addition, Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

**C.     Jurisdiction**

Because federal court is a court of limited jurisdiction, Plaintiff must inform the Court why the case should be heard in federal court rather than state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

**D.     Statement of Claim**

---

[2] Plaintiff will be required to show personal involvement in the alleged wrongdoing by each and every defendant. *See* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Therefore, Plaintiff should name as defendants only those individuals who had personal involvement in the alleged violations. **If Plaintiff is unaware of a defendant's name, then he may list them as a John/Jane Doe.**

This is the time to present the facts of the case: what happened, where it happened, when it happened, how it happened and who was involved. In this section, Plaintiff should write a summary of the facts relevant to this lawsuit. Additionally, any document referred to in this section must be cited as an exhibit and attached at the end of the amended complaint.

In this section, Plaintiff must provide specific details of precisely how his rights were allegedly violated. Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Plaintiff should clearly describe how **each named defendant** (even any John/Jane Doe) is involved in the alleged constitutional violation(s). This description should include references to relevant **dates, times, and locations**. It should explain to the Court what happened by specifically describing **each** defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations. Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, **each** defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be clearly and specifically described; it should include the relevant time, date, and location. Each incident description also should clearly identify the relevant defendant and what that defendant's

role was in the incident. Additionally, the amended complaint should set forth factual allegations that, taken together, satisfy the elements of the cause of action.

### E. Injury

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged violation. Simply stating that his rights have been violated is insufficient.

### F. Request for Relief

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered. However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

### G. Exhaustion of Administrative Remedies

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all available administrative remedies before pursuing a civil rights complaint **concerning prison conditions**.

### H. Previous Lawsuits

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

### I. Declaration Under Penalty of Perjury

Federal Rule of Civil Procedure 11 provides that every pleading, written motion, and other paper must be signed by an individual attorney of record or by the pro se party.  Therefore, Plaintiff must sign his amended complaint and when doing so he is making a declaration under law to the Court that everything in the amended complaint is true.  Plaintiff should realize that the Court can order sanctions or penalties for the filing of complaints and pleadings that are frivolous, without merit, based on false or misleading information, etc.  These sanctions or penalties can take many forms including, but not limited to, dismissing the case, assessing fines, and limiting Plaintiff's filing privileges in federal court.

A separate Order follows.

Dated:  May 22, 2020.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER BEHANNA and DEBBIE BAXTER BEHANNA, | ) ) ) | Civil Action No. 20 – 444 |
| Plaintiffs, | ) ) ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| COMMONWEALTH OF PENNSYLVANIA and DOES 1-100, | ) ) ) | |
| Defendants. | | |

| | | |
|---|---|---|
| WALTER BEHANNA, LINDA ROSS and DEBBIE BEHANNA, | ) ) ) | Civil Action No. 20 – 609 |
| Plaintiffs, | ) ) ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| WASHINGTON COUNTY PROBATION, HEATHER TESTA, LESLIE RIDGE, DOES 1-10, | ) ) ) ) | |
| Defendants. | | |

**ORDER**

For the reasons set forth in the Memorandum entered contemporaneously herewith,

**IT IS HEREBY ORDERED** that the Clerk of Court enclose with this Order a copy of the docket sheets for both 20-444 and 20-609.

**IT IS FURTHER ORDERED** that the Clerk of Court also enclose with this Order a copy of the Complaints docketed at ECF No. 2 in 20-444 and at ECF No. 3 at 20-609.

**IT IS FURTHER ORDERED** that by **June 4, 2020**, Plaintiff shall file the enclosed form notifying the Court whether he intended his Complaint in 20-609 to be an amended complaint to that filed in 20-444.  If so, then the Complaint in 20-609 will be transferred to 20-444 and filed as an amended complaint in that case.  As a result, 20-609 will be closed and the case will proceed only in 20-444.

**IT IS FURTHER ORDERED** that if Plaintiff meant his Complaint in 20-609 to be an amended complaint in 20-444, Plaintiff must, by **June 23, 2020**, file another amended complaint that follows the instructions set forth in the attached Memorandum.  In drafting his amended complaint, Plaintiff should title it **"SECOND AMENDED COMPLAINT"** with the case number **"20-444"**.  He should also take care to include all of his claims and should not refer back to any previously filed complaint.  Any claim not included in it will be deemed waived.

**IT IS FURTHER ORDERED** that if Plaintiff should fail to comply with any portion of this Order then both cases will be subject to dismissal for his failure to prosecute.

Dated:  May 22, 2020.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Walter Behanna
      20100017365
      WCCF
      100 West Cherry Street
      Washington, PA  15301

      Linda Ross
      1945 Rt. 481
      Monongahela, PA  15063

      Debbie Behanna

PO Box 724
Monongahela, PA  15063